JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| | Case No.: SACV 16-01239-CJC(DFMx) |
| MARCOS PEREZ, | |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| CITIMORTGAGE, INC. AND DOES 1 TO 20, INCLUSIVE, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Marcos Perez filed this action in state court against Defendant CitiMortgage, Inc. and Does 1-20, inclusive, for violations of Section 2923.6(c) of the California Homeowner Bill of Rights, negligence, cancellation of instruments, statutory

unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, intentional misrepresentation, breach of the duty of good faith and fair dealing, promissory estoppel, and quiet title. (*See* Dkt. 1, Exh. 2 ["Compl."].)  Defendant CitiMortgage, Inc. ("CitiMortgage") filed a notice of removal on July 5, 2016.  (Dkt. 1.)  Before the Court is Plaintiff's motion to remand.  (Dkt. 12.)  For the following reasons, the motion is GRANTED, and the case is REMANDED to Orange County Superior Court.[1]   As the case will be remanded due to lack of subject matter jurisdiction, the Defendant's pending motion to dismiss is rendered MOOT.  (Dkt. 8.)

## II.  BACKGROUND

In 2006, Perez borrowed $524,368.59 from Citicorp Trust Bank, FSB, secured by a Deed of Trust on his home.  (Opp. at 2.)  On January 13, 2003, Citibank N.A., the successor in interest to Citicorp Trust Bank, FSB, assigned the Deed of Trust to CitiMortgage.  (*Id.*)  On May 22, 2015, CitiMortgage assigned the Deed of Trust to U.S. Bank National Association as Trustee.  (*Id.*)

In December 2015, Perez asked CitiMortgage about foreclosure alternatives, and was eventually encouraged to apply for a loan modification.  (Compl. ¶ 6.)  According to the Complaint, CitiMortgage assured Perez that if he started the modification process and his application was under review, CitiMortgage would not sell his home in a trustee sale.  (*Id.* ¶ 7.)  Perez sent a modification application with supporting documentation to CitiMortgage in December of 2015, and he followed up with a second application after he was told, in response to his inquiries, that CitiMortgage did not receive his first

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for September 12, 2016, at 1:30 p.m. is hereby vacated and off calendar.

application.  (*Id.* ¶ 8.)  Supporting documentation included "4506-T, Profit and Loss statement [*sic*], bank Statements, 2013 Tax Return [*sic*], and 2014 Tax Returns."  (*Id.*)

After CitiMortgage asked for "new" documentation, Perez called CitiMortgage representatives and then provided "hardship affidavits, Dood-Frank [*sic*], paystub for non-borrower [*sic*], profit and loss (4 consecutive months of business bank statement) [*sic*], 4506T, tax return [*sic*]."  (*Id.* ¶ 9.)  Perez called CitiMortgage again a few weeks later, and was informed that CitiMortgage did not have his application.  (*Id.* ¶ 10.) According to the Complaint, a foreclosure sale was scheduled for March 7, 2016, despite earlier assurances that the sale would not take place while his modification application was under review.  (*Id.*)  Perez again sent his application to CitiMortgage on February 26, 2016.  (*Id.* ¶ 11.)

On March 1, 2016, Perez spoke to a CitiMortgage representative who verified receipt of his application and told him the foreclosure sale would be postponed after the trustee had a few days to process the application.  (*Id.*)  When Perez called the trustee on March 4, 2016, he was told that the foreclosure sale would still be taking place on March 7, 2016.  (*Id.*)  Perez called CitiMortgage representatives again on the morning of the sale, and was told that it was "unfortunate" and there was nothing he could do to stop the sale.  (*Id.* ¶ 12.)  Perez then filed for bankruptcy and his attorney attempted to negotiate new terms for his loan.  (*Id.* ¶ 13.)  The Complaint does not state whether the sale took place, but the briefing suggests that it has not.  (*See* Opp. at 3; FAC ¶ 17.)  CitiMortgage representatives told Perez's attorney that they would conduct a good faith loan modification review and postpone foreclosure sales.  (FAC ¶ 17.)  Perez has attempted to follow up with CitiMortgage since that time about the status of his modification application without success.  (*Id.*)

//

Perez filed this action in state court against CitiMortgage and Does 1-20, inclusive, on May 31, 2016, (*See generally* Compl.), and CitiMortgage removed the case to federal court on July 5, 2016 on the basis of diversity jurisdiction, (Dkt. 1).  Perez subsequently filed its motion to remand to state court on July 20, 2016.  (Dkt. 12.)  On July 12, 2016, CitiMortgage also filed a motion to dismiss the Complaint.  (Dkt. 8.)

## III.  LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").  The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

//
//
//
//

## IV.  DISCUSSION

At issue here is the amount in controversy.  The parties agree that diversity exists, as Perez is domiciled in California and CitiMortgage is a citizen of New York.  (Mot. at 3; Opp. at 3.)  The parties only dispute whether the amount in controversy exceeds $75,000.  (Mot. at 3; Opp. at 3.)  The Complaint does not allege an amount in controversy, but seeks exemplary and punitive damages, economic and non-economic damages, accounting of all amounts paid by and owed to Perez and to CitiMortgage, equitable relief including rescindment of notices of default and efforts to restore Perez's credit, a declaration of the rights and duties of the parties, interest, and costs and expenses.  (Compl. at Prayer.)

Perez contends that he does not seek to rescind the loan, so neither the value of the loan nor that of the property securing the loan should be counted as the amount in controversy.  (Mot. at 7.)  Rather, Perez "seeks damages in an unspecified amount under State based claims" in addition to his requests for injunctive relief.  (Mot. at 7; Compl. at Prayer.)  CitiMortgage argues that in cases involving mortgage loans, the amount in controversy may be established by the loan amount.  (Opp. at 4.)  Alternatively, CitiMortgage states that because Perez seeks injunctive relief, including quiet title, the amount in controversy is measured by the value of the object of the litigation—in this case, the value of the property.  (*Id.*)  CitiMortgage also suggests that given "the original amount of the loan and the unpaid balance on the loan, it is 'more likely than not' that the amount in controversy exceeds $75,000."  (*Id.*)  Finally, CitiMortgage argues that Plaintiff seeks exemplary damages, punitive damages, actual economic damages, non-economic damages, interest, attorney's fees, experts' fees, costs, and disbursements, and that "these amounts all count toward the jurisdictional amount."  (Opp. at 5.)

//

The Court is not persuaded by CitiMortgage's arguments.  "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*."  *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original); *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP (KKx), 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (remanding an action where a plaintiff did not "challenge entirely [the bank's] right to collect on the outstanding loan amount," but only sought to temporarily enjoin foreclosure).  For the same reason, even though Perez seeks injunctive relief, the value of the property securing a loan is not an appropriate measure of the amount in controversy in such a case.  *See Duarte v. Wells Fargo Mortg.*, CV 16-0991-GHK (JPRx), 2016 U.S. Dist. LEXIS 54341, at **10–11 (C.D. Cal. Apr. 21, 2016) (holding that "neither the value of the [p]roperty nor the underlying loan should factor into the amount-in-controversy calculation" when plaintiff did not seek to permanently enjoin foreclosure).  The Complaint seeks injunctive relief based on allegations that the notices of default and foreclosure actions were improper in light of his pending loan modification application.  (*See* Compl. ¶ 17.)  The Complaint does not seek to rescind the loan or challenge CitiMortgage's right to collect the outstanding loan amount.  (*See generally* Compl.)  Therefore, the amount in controversy is not determined by the entire loan amount, the unpaid balance on the loan, or the value of the property, because the underlying loan is not at issue.

Certainly the amount in controversy here is not *nothing*.  As another court in this District has noted, when a plaintiff seeks to enjoin foreclosure pending a modification, the amount in controversy might include the "costs to process the loan modification" and "interest on the loan [which might accrue while] the relief [i]s pending."  *Olmos v. Residential Credit Solutions, Inc.*, 92 F. Supp. 3d 954, 957 (C.D. Cal. 2015).  But it is CitiMortgage's burden to establish subject matter jurisdiction by demonstrating that the

amount in controversy exceeds $75,000.  CitiMortgage has not done this.  Apart from its arguments that the amount in controversy should be determined by the loan amount, the unpaid balance, or the value of the property, CitiMortgage only points to the fact that the Complaint seeks fees, damages, and costs.  (Opp. at 5.)  However, CitiMortgage has not demonstrated that these amounts, either independently or in addition to the plausible value of the injunctive relief sought, will exceed $75,000—CitiMortgage simply says that they "count" toward the amount in controversy.   It has accordingly failed to carry its burden, and the Court finds that it lacks subject matter jurisdiction to adjudicate this action.  Plaintiff's motion to remand is GRANTED and Defendant's pending motion to dismiss is rendered MOOT.

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.  The case is REMANDED to Orange County Superior Court.  Defendant's pending to dismiss, (Dkt. 8), is rendered MOOT.


DATED:     September 2, 2016

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE